AO 91 (Rev. 11/11)   Criminal Complaint

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Bradford Wayne EVANS and Breanna Eyvonne COBBS | ) ) ) ) ) | Case No.  23-MJ-812 |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 8, 2023__ in the county of __Cibola__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | -Conspiracy; |
| 21 U.S.C. §§ 841(a)(1), (b)(1)(A) | -Possession With Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine; |
| 18 U.S.C. § 924(c) (EVANS ONLY) | -Using and Carrying a Firearm During and in Relation to, and Possessing a Firearm in Furtherance, of a Drug Trafficking Crime (EVANS ONLY) |

This criminal complaint is based on these facts:

See attached affidavit, which is incorporated by reference.

☑ Continued on the attached sheet.

*Complainant's signature*

Jack Johnson, HSI Special Agent
*Printed name and title*

Telephonically sworn and electronically signed.

Date: 05/09/2023

*Judge's signature*

City and state: Albuquerque, New Mexico    United States Magistrate Judge Steven Yarbrough
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Jack Johnson, duly sworn, hereby deposes and states the following:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code (U.S.C.), Section 2510(7), that is, an officer of the United States who is empowered to conduct investigations of, and to make arrests for, the offenses enumerated in Titles 8, 18, 19, 21, and 31 of the United States Code and other related offenses.

2. I am a Special Agent ("SA") with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), in Albuquerque, New Mexico, and have been employed as such since February of 2019. Prior to my employment with HSI, I was a Gaming Enforcement Agent with the Indiana Gaming Commission for two years and a United States Border Patrol Agent for 8 years.

3. I successfully completed over 27 weeks of training at the Federal Law Enforcement Training Center in Brunswick, Georgia, to include the Criminal Investigator Training Program, and the Homeland Security Investigations Special Agent Training course.

4. I have received extensive training and practical experience pertaining to federal criminal procedures, federal criminal statutes, United States immigration and nationality law, United States customs laws and regulations, and other federal and state laws pertaining to, but not limited to alien smuggling/human trafficking, fraudulent document manufacture and sales; the importation and distribution of controlled substances, firearms, commercial fraud, and conspiracy.

5. I have also acquired knowledge and information about such offenses, and the various means and methods by which they are furthered from numerous sources, including

formal and informal training from other law enforcement officers, investigators, and SAs; interviews of informants and arrestees; and interviews of other knowledgeable individuals.

6. The information set forth in the affidavit had been derived from my own investigation or communicated to me by other sworn law enforcement officers or from other reliable sources. This affidavit does not set forth all of my knowledge related to this investigation. It is submitted for the limited purpose of establishing probable cause to support a criminal complaint charging Bradford Wayne EVANS and Breanna Eyvonne COBBS with following violations:

      a. 21 U.S.C. § 846, that being Conspiracy;

      b. 21 U.S.C. §§ 841(a)(1), (b)(1)(A), that being Possession with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine.

7. This affidavit is also submitted for the purpose of establishing probable cause to support a criminal complaint charging EVANS with a violation of 18 U.S.C. § 924(c), that being Using and Carrying a Firearm During and in Relation to, and Possessing of a Firearm in Furtherance of, a Drug Trafficking Crime.

## PROBABLE CAUSE

8. On May 8, 2023, New Mexico State Police (NMSP) Officer and HSI Task Force Officer (TFO) Julian Armijo was running radar near Grants, NM in Cibola County, when he observed a gray Nissan sedan bearing Texas license plate NMG5429 traveling eastbound on Interstate 40 near mile marker 81. TFO Armijo clocked the vehicle at 85 mile per hour (MPH) in a posted 75 MPH zone. TFO Armijo then pulled out and conducted a traffic stop on the vehicle.

9. TFO Armijo approached the vehicle and greeted the passenger, later identified as Breanna COBBS, and the driver, later identified as Bradford EVANS. Both occupants had freshly lit cigarettes. Based off TFO Armijo's training and experience, subjects using or smuggling drugs will sometimes light cigarettes to mask the odor of the narcotics. TFO Armijo requested the license, registration, and proof of insurance. TFO Armijo observed EVANS' hands shaking while giving him the documents.

10. While writing the citation, TFO Armijo spoke to EVANS about his travel. EVANS stated that he was going to Texas and coming from California where his visited his granddaughter. He later said it was his niece. COBBS stated she was going to New Mexico and coming from Las Vegas. TFO Armijo ascertained that COBBS and EVANS had conflicting stories about their itinerary.

11. TFO Armijo detected the odor of marijuana smoke emanating from the Nissan sedan while he was speaking with EVANS and COBBS. TFO Armijo asked EVANS if he smoked marijuana, and he said no. TFO Armijo told EVANS that he smelled marijuana. EVANS said that his girlfriend did smoke marijuana with a vape pen. TFO Armijo asked EVANS for consent to search the vehicle, but EVANS said no. TFO advised EVANS that he would conduct a probable cause search of the vehicle. EVANS said that he had a small amount of marijuana that he would just give to TFO Armijo. TFO Armijo felt that EVANS became aggressive and confrontational, so he called for backup.

12. TFO Armijo went back to the vehicle and spoke to COBBS. COBBS tried to give the vape pen to TFO Armijo. COBBS stated she had a ladybug bag in the back seat. TFO Armijo then began to search the vehicle.

13. TFO Armijo observed a large green duffel bag in the trunk of the vehicle. Inside the duffel bag were several large, clear vacuum sealed plastic bags, that in TFO Armijo's training and experience, appeared to contain methamphetamine. TFO Armijo advised the other officers on scene to place the subjects in handcuffs. Further search of the bag revealed a black AR-15 style rifle. No other contraband was found inside the trunk.

14. TFO Armijo then searched the backseat area of the Nissan where he found a backpack with a MAC-10 style firearm inside with a loaded magazine. There were also more loaded magazines for the rifle and a large plastic bag with a crystal-like substance. Behind the passenger seat was a small black loaded handgun. Under the passenger seat was a small glass container with a crystal-like substance and a glass pipe. Inside of COBBS' purse was a pill bottle in another person's name that had a crystal-like substance.

15. All evidence was seized and taken to the HSI office in Albuquerque to be counted, weighed, and tested. The substance in the plastic packages was tested with the TruNarc Analyzer and tested positive for Methamphetamine. There were 24 plastic packages weighing 11.74 kilograms. The contents of the two bottles also tested positive for Methamphetamine. None of the three firearms had been reported stolen.

16. Based on my training and experience, I know this amount of methamphetamine consistent with distribution and not personal use. Drug traffickers often carry firearms to protect themselves, their drugs, and drug proceeds.

17. Based on the information set forth above, I submit there is probable cause to believe that on or about May 8, 2023, in the County of Cibola, in the District of New Mexico, Bradford EVANS and Breanna COBBS did knowingly and intentionally commit the following violations:

   a. 21 U.S.C. § 846, that being Conspiracy; and

   b. 21 U.S.C. §§ 841(a)(1), (b)(1)(A), that being Possession with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine; 18 U.S.C. § 2: Aiding and Abetting.

18. There is also probable cause to believe that EVANS committed a violation of 18 U.S.C. § 924(c), that being Using and Carrying a Firearm During and in Relation to, and Possessing of a Firearm in Furtherance of, a Drug Trafficking Crime.

19. Assistant United States Attorney Tim Vasquez reviewed and approved this affidavit.

*J. Johnson*
Jack Johnson
Special Agent
Homeland Security Investigations
Department of Homeland Security

Sworn telephonically and signed and submitted electronically on May 9, 2023:

*Steve Yarbrough*
Honorable Steven C. Yarbrough
United States Magistrate Judge

5